## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| GOOD SPORTSMAN MARKETING, LLC, and IP HOLDINGS, INC. <br><br> Plaintiff, <br><br> v. <br><br> BEST BUY CO., INC., BESTBUY.COM, LLC, and BEST BUY STORES, L.P. <br><br> Defendants. | Civil Action No. 6:11-cv-188 <br><br> JURY DEMANDED |

### PLAINTIFF'S COMPLAINT

Plaintiffs, Good Sportsman Marketing, LLC ("GSM") and IP Holdings, Inc. ("IP Holdings") file this complaint for patent infringement against Defendants Best Buy Co., Inc. ("BBY"), BestBuy.com, LLC ("BBC"), and Best Buy Stores, L.P. ("BBS").

### NATURE OF ACTION

1. This is an action for infringement of U.S. Design Patent No. D498,322, owned by IP Holdings and exclusively licensed to GSM, arising, *inter alia*, out of Defendants' unauthorized manufacture and or importation, distribution and sale in the United States of clip-on lights which copy Plaintiffs' protected design.

### THE PARTIES

2. GSM is a limited liability company organized and existing under the laws of the State of Texas and has a principal place of business located in Grand Prairie, Texas.

3. IP Holdings is a corporation organized and existing under the laws of the State of Texas and has its principal place of business located in Grand Prairie, Texas.

4. Upon information and belief, Defendant BBY is a corporation organized and existing under the laws of Minnesota and has its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.

5. Upon information and belief, Defendant BBC is a corporation organized and existing under the laws of Virginia and has its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.

6. Upon information and belief, Defendant BBS is a corporation organized and existing under the laws of Virginia and has its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

8. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. The Defendants are subject to the personal jurisdiction of this Court because, upon information and belief, (1) BBY has designated an agent for service of process in the State of Texas; (2) all of the Defendants have committed acts of infringement in the State of Texas as alleged below; and/or (3) all of the Defendants are engaged in continuous and systematic activities in the State of Texas.  Therefore, this Court has personal jurisdiction over the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), and (c) and 1400(b).  On information and belief, BBY has a regular and established place of business in this

district, and all of the Defendants have transacted business in this district and have committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

11. On November 9, 2004, the United States Patent and Trademark Office issued U.S. Design Patent No. D498,322 (the `322 Patent) to Tim Schnell as the inventor. A true and correct copy of the `322 Patent is attached as Exhibit "A." The `322 Patent claims an ornamental design for a clip light, as shown in the patent's drawings.

12. Tim Schnell has assigned the `322 Patent to IP Holdings.

13. IP Holdings is the record owner of the `322 Patent.

14. GSM is the exclusive licensee of the patent in-suit.

## COUNT 1 – INFRINGEMENT OF THE `322 PATENT

15. Upon information and belief, BBY, BBC and BBS have infringed the `322 Patent in violation of 35 U.S.C. § 271 by making and/or importing, offering to sell and selling in the United States, without authority, the Rocketfish™ eReader Clip On LED light (the "Accused Product").

16. The Accused Product infringes the `322 Patent because the design of the Accused Product would appear substantially the same as that claimed by the `322 Patent to the eye of an ordinary observer, giving such attention as a purchaser of clip-on lights ordinarily gives. The design of the Accused Product appropriates novel ornamental features of the design claimed by the `322 Patent and would deceive an observer, inducing him or her to purchase one product, supposing it to be the other. Chart 1 below demonstrates the Defendants' infringement by comparing images of the Accused Product sold by Defendants with a figure from the `322 Patent.



| Chart 1: Images Depicting Infringement of `322 Design Patent<br>Defendants' Rocketfish™ eReader Clip On LED ||
|---|---|
| U.S. Design Patent No. D498,322 | Rocketfish™ eReader Clip On LED light |

17. As a direct and proximate consequence of the acts and practices of BBY, BBC and BBS in infringing the `322 Patent, Plaintiffs have suffered, are suffering, and will continue to suffer injury and damages for which they are is entitled to relief under 35 U.S.C. §§ 284 and 289, in an amount to be determined at trial.

18. Plaintiffs have complied with 35 U.S.C. § 287(a) to the extent it is applicable to them.

19. Upon information and belief, unless restrained by the Court, Defendants will continue to infringe the `322 Patent causing irreparable injury and damage to Plaintiffs.

## DEMAND FOR JURY TRIAL

20. Plaintiffs demand trial by jury on all claims and issues so triable.

<br/>

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs request for entry of judgment that:

1. Defendants have infringed the '322 Patent;

2. Defendants, their agents, affiliates, subsidiaries, servants, employees, attorneys, and those persons in active concert with or controlled by Defendants be permanently enjoined from further infringing the `322 Patent.

3. Defendants be ordered to withdraw or destroy immediately all advertisements, circulars, brochures or other promotional or advertising items, website pages or other materials that refer or relate to the Accused Product.

4. Defendants be ordered to withdraw each and every unit of the Accused Product from distribution, whether in their possession or in the possession of their distributors, or retailers, and to surrender the same to Plaintiffs for destruction, and that Defendants be required to issue to this Court a written report under oath (i) explaining all actions taken to comply with this Court's Order, and (ii) advising the Court that all Accused Products have been withdrawn and surrendered for destruction.

5. Defendants account for and pay to Plaintiffs all damages caused by its infringement of the `322 Patent, pursuant to 35 U.S.C. §§ 284 and 289;

6. Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Defendants' patent infringement;

7. This an exceptional case and that Plaintiffs be granted their reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

8. Costs be awarded to Plaintiffs; and

9. Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 15, 2011. Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Eric. W. Buether*
Eric W. Buether (Lead Attorney)
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Patantie@BJCIPLaw.com

1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
Telephone: (214) 466-1271
Facsimile: (214) 635-1828

**ATTORNEYS FOR PLAINTIFFS**